ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I (DJ 2025-063A)

| GLORIA MUÑIZ BÁEZ, Apelante, v. GRANDMA STEAKHOUSE; GRAND MARNIER REST., LLC; JESÚS FELICIANO PÉREZ, su esposa FULANA DE TAL y la sociedad legal de bienes gananciales compuesta por ambos; JOHN DOE, JANE DOE y la sociedad legal de gananciales compuesta por ambos; CORPORACIÓN ABC; CORPORACIÓN DEF; CORPORACIÓN XYZ; MAPFRE PRAICO INSURANCE COMPANY; ASEGURADORA ABC; ASEGURADORA DEF; ASEGURADORA XYZ; Apelada. | TA2026AP00364 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla. Civil núm.: AG2025CV00727. Sobre: daños y perjuicios. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2026.

Nos corresponde determinar si la acción en daños y perjuicios instada por la señora Gloria Muñiz Báez (señora Muñiz) contra la parte apelada, Grand Marnier Rest., LLC, el señor Jesús Feliciano Pérez y MAPRE PRAICO Insurance Company (MAPFRE), está prescrita o no.

I

Los hechos pertinentes a este recurso se remontan al **30 de marzo de 2023**, cuando la señora Muniz presentó una demanda por daños y perjuicios a la que se le asignó el alfanumérico AG2023CV00479[1]. En aquella ocasión, alegó que, el **30 de marzo de 2022**, había sufrido una

---

[1] *Véase*, expediente del caso AG2023CV00479, entrada 1 del *Sistema Unificado para el Manejo y Administración de Casos* del Tribunal de Primera Instancia (SUMAC TPI).

caída tras resbalar a causa de un líquido en el piso del restaurante Grandma Steakhouse, que ubica en Aguada, Puerto Rico. Por ello, solicitó al foro primario que le otorgara el resarcimiento en daños ascendentes a cuatrocientos mil dólares ($400,000.00).

En lo pertinente a la controversia ante nuestra consideración, sostuvo que las partes demandadas eran la siguientes:

2. La parte demandada, GrandMa Steakhouse, se encuentra situado en la Carretera #2 Km. 135.5 Bo. Naranjo 00602 Aguada, PR.

3. **La parte demandada, John Doe, se desconoce su segundo apellido, se desconoce su dirección física y postal y se desconoce si el mismo se encuentra casado.**

4. La parte demandada, **Jane Doe, se desconoce su existencia como esposa de John Doe** y se desconoce su dirección física y postal**.**

5. La parte demandada, **Sociedad Legal de Gananciales compuesta por John Doe y su esposa Jane Doe, se desconoce su existencia.**

6. La parte demandada MAPFRE PRAICO Insurance Company se encuentra situada en la Avenida Gautier Benítez, Carr #1 Km. 37.5 Caguas, PR 00726.

7. La parte demandada, Compañía de Seguros ABC, Compañía de Seguros DEF, Compañía de Seguros XYZ, **se desconoce su existencia** como aseguradoras de John Doe, socios, esposa, SLG, corporaciones, etc. y se desconoce su dirección física y postal.

8. La parte demandada, Corporación ABC, Corporación DEF, Corporación XYZ, se desconoce su existencia como corporaciones de John Doe, socios, esposa, SLG, etc. y se desconoce su dirección física y postal[2].

(Énfasis nuestro).

Con relación a la referida demanda, y tras múltiples incidencias procesales, el **13 de febrero de 2024**, el Tribunal de Primera Instancia emitió una sentencia mediante la cual **desestimó la demanda sin perjuicio**. Ello, debido a que la señora Muñiz no había diligenciado los emplazamientos dentro del término de 120 días dispuesto para ello en la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V.

---

[2] Expediente del caso AG2023CV00479, entrada 1 SUMAC TPI, a las págs. 1 y 2.

La señora Muñiz apeló la referida determinación. No obstante, el 26 de abril de 2024, este Tribunal de Apelaciones desestimó su recurso apelativo por falta de jurisdicción[3]. El mandato fue remitido el 18 de junio de 2024.

Ahora bien, el **26 de abril de 2026**, la señora Muñiz presentó la demanda objeto de este recurso[4]. En síntesis, hizo alegaciones casi idénticas a las de la primera demanda, pero esta vez sostuvo que los daños sufridos ascendían a no menos de un millón de dólares ($1,000,000.00). En esta ocasión, sostuvo que las partes demandadas eran las siguientes:

9. La parte demandada, GrandMa Steakhouse, se encuentra situado en la Carretera #2 Km. 135.5 Bo. Naranjo 00602 Aguada, PR.

10. La parte demandada **GrandMa Steakhouse, a nuestro entender y extensas averiguaciones,** se encuentra incorporada y autorizada a ejercer en el Estado Libre Asociado de Puerto Rico bajo el nombre Grand Marnier Rest. L.L.C., con Número de Registro #191438 y con dirección física y postal CARR 417 KM 6.0 BO MARIAS, AGUADA, PR, 00602 y HC 59 BOX 6593, AGUADA, PR, 00602.

11. **La parte demandada, Jesús Feliciano Pérez**, con dirección física y postal CARR 417 KM 6.0 BO MARIAS, AGUADA, PR, 00602 y HC 59 BOX 6593, AGUADA, PR, 00602. **Se desconoce si el mismo se encuentra casado.**

12. **La parte demandada, Fulana de Tal, se desconoce su existencia como esposa de Jesús Feliciano Perez** y se desconoce su dirección física y postal.

13. **La parte demandada, Sociedad Legal de Gananciales compuesta por Jesús Feliciano Perez y su esposa Fulana de Tal, se desconoce su existencia**.

14. La parte demandada, John Doe, se desconoce su segundo apellido, se desconoce su dirección física y postal y se desconoce si el mismo se encuentra casado.

15. La parte demandada, Jane Doe, se desconoce su existencia como esposa de John Doe y se desconoce su dirección física y postal.

16. La parte demandada, Sociedad Legal de Gananciales compuesta por John Doe y su esposa Jane Doe, se desconoce su existencia.

---

[3] *Véase*, KLAN202400294. Según surge de la referida sentencia, la señora Muñiz, a pesar de concedérsele un término para ello, no presentó copia de la sentencia dictada por el Tribunal de Primera Instancia, lo que impidió que este foro intermedio auscultara su jurisdicción.

[4] *Véase*, expediente del caso AG2025CV00727, entrada 1 SUMAC TPI.

17. La parte demandada **MAPFRE PRAICO Insurance Company** se encuentra situada en la Avenida Gautier Benítez, Carr #1 Km. 37.5 Caguas, PR 00726.

18. La parte demandada, Compañía de Seguros ABC, Compañía de Seguros DEF, Compañía de Seguros XYZ, se desconoce su existencia como aseguradoras de John Doe, socios, esposa, SLG, corporaciones, etc. y se desconoce su dirección física y postal.

19. La parte demandada, Corporación ABC, Corporación DEF, Corporación XYZ, se desconoce su existencia como corporaciones de John Doe, socios, esposa, SLG, etc. y se desconoce su dirección física y postal [5].

(Énfasis nuestro).

El 16 de septiembre de 2025, Grand Marnier Rest., LLC, el señor Jesús Feliciano Pérez (por sí y como presunto miembro de una sociedad legal de bienes gananciales), y la supuesta sociedad legal de bienes gananciales presentaron sendas solicitudes de desestimación parcial[6].

En síntesis, alegaron que procedía la desestimación de la demanda en su contra por estar prescrita. Arguyeron que, si bien la demanda original fue presentada el 30 de marzo de 2022, la primera vez que fueron nombrados fue en la demanda presentada en abril de 2025, más de tres años después de ocurrido el incidente. También, arguyeron que la señora Muñiz, a pesar de haber tenido amplia oportunidad de investigar su causa de acción y dirigirla contra los presuntos autores, no lo hizo.

Por su parte, el señor Feliciano Pérez señaló que no procedía la demanda en su contra pues el restaurante al que se le imputaba responsabilidad no era propiedad de una persona natural, sino del ente corporativo, por lo que no había razón para incluirle en el pleito. Además, señaló que de la demanda no surgía alegación alguna en su contra.

Por su parte, el 18 de diciembre de 2025, la señora Muñiz presentó su oposición a las solicitudes de desestimación[7]. Resaltó que en la demanda original presentada el 30 de marzo de 2023, se hace constar a *GrandMa Steakhouse* como parte demandada por lo que la corporación

---

[5] *Véase*, expediente del caso AG2025CV00727, entrada 1 SUMAC TPI, a las págs. 2 y 3.

[6] Apéndice del recurso, entradas 16 y 17 SUMAC TPI.

[7] *Íd.*, entrada 32 SUMAC TPI.

que luego fue correctamente nombrada quedó en pleno conocimiento de la causa de acción presentada, y no resultó impedida de defenderse en los méritos al ser **notificada y emplazada correctamente dentro del término prescriptivo**. A su vez, sostuvo que, contrario a lo alegado por las apeladas, sí había hecho su debida diligencia al presentar la demanda para dar con la identidad o el nombre de las partes responsables, aunque sin éxito, por lo que incluyó el nombre ficticio que reemplazó al presentar la segunda demanda.

Sometidas las sendas posturas de las partes litigantes, el 10 de marzo de 2026, el Tribunal de Primera Instancia emitió la sentencia objeto de este recurso[8]. El foro primario, concluyó que, en la demanda original no se incluyó a las codemandadas y posteriormente no se proveyó evidencia de alguna reclamación extrajudicial que hubiera interrumpido el término prescriptivo en cuanto a estas. De igual forma, expuso que no se evidenció acción diligente alguna por parte de la señora Muñiz para conocer la identidad de los sujetos de su reclamación. Ante el referido cuadro, el foro primario determinó que la demanda estaba parcialmente prescrita contra Grand Marnier Rest, LLC., el señor Jesús Feliciano Pérez (por sí o como supuesto miembro de una sociedad legal de bienes gananciales) y la sociedad legal de bienes gananciales.

Asimismo, el tribunal dispuso que la señora Muñiz tampoco evidenció la necesidad de descorrer el velo corporativo, por lo que determinó que también procedía la desestimación parcial **con perjuicio** de la demanda en cuanto a las acciones directas y personales incoadas contra el señor Feliciano Pérez y la sociedad legal de bienes gananciales. Finamente, resaltó que la acción contra la aseguradora MAPFRE se mantenía vigente.

Inconforme con la determinación, la señora Muñiz compareció y formuló el siguiente señalamiento de error:

Erró el Honorable Tribunal de Primera Instancia al emitir Sentencia Parcial desestimando la acción contra Gran

---

[8] Entrada 44 SUMAC TPI.

Marnier LLC, Jesús Feliciano Pérez y la posible Sociedad Legal de Gananciales compuesta por él y Jane Doe, al concluir que la parte demandante no había interrumpido el termino prescriptivo con la presentación de ambas demandas, entiéndase la de 30 de marzo de 2023 con numero de caso AG2023CV00479 y la de 26 de abril de 2025 con numero de caso AG2025CV00727, contra Gran Marnier LLC, Jesús Feliciano Pérez y la posible Sociedad Legal de Gananciales compuesta por él y Jane Doe.

Por su parte, el 11 de mayo de 2026, las apeladas Grand Marnier Rest., LLC, el señor Jesús Feliciano Pérez (por sí y como supuesto miembro de una sociedad legal de bienes gananciales), la presunta sociedad legal de bienes gananciales presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

La prescripción extintiva es una institución de derecho sustantivo que extingue el derecho de ejercer determinada causa de acción. *SLG Haedo López v. SLG Roldán Morales*, 203 DPR 324, 336 (2019). En cuanto a ello, el Art. 1189 del Código Civil de Puerto Rico dispone que las acciones prescribirán por el mero lapso del tiempo fijado por las leyes. 31 LPRA sec. 9481. Esta figura de derecho tiene como finalidad castigar la dejadez en el ejercicio de los derechos y evitar la incertidumbre en las relaciones jurídicas. *SLG Haedo López v. SLG Roldán Morales*, 203 DPR, a la pág. 336.

El Código Civil de Puerto Rico de 2020 regula los términos prescriptivos pertinentes según el tipo de reclamación. En lo pertinente a la controversia que atendemos, el Art. 1204 del Código Civil, 31 LPRA sec. 9496, dispone que las obligaciones derivadas de la culpa o negligencia prescriben en el término de un (1) año desde que lo supo el agraviado[9].

Por tanto, es preciso resaltar que, en nuestra jurisdicción, se ha adoptado la teoría cognoscitiva del daño para determinar el momento en que una persona puede incoar una acción por los daños y perjuicios que otra le haya causado. *Cossec v. González López*, 179 DPR 793, 821

---

[9] *Véase*, Art. 1536 del Código Civil, 31 LPRA sec. 10801.

(2010). La referida teoría implica que el término prescriptivo empezará a transcurrir una vez el perjudicado conoció o debió conocer el daño, quién fue el autor y, además, desde cuándo este conoce los elementos necesarios para ejercitar efectivamente su causa de acción. *Maldonado v. Rivera v. Suárez y otros,* 195 DPR 182, 194 (2016); *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 389 (2012).

Con relación a lo anterior, en *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR, a la pág. 389, el Tribunal Supremo de Puerto Rico estableció que cuando concurren múltiples cocausantes de un daño extracontractual, es necesario que el reclamante interrumpa el periodo prescriptivo de un año en relación con cada cocausante por separado para poder conservar su causa de acción contra estos.

De otra parte, la Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, dispone que, cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda, **exponiendo la reclamación específica que alega tener contra dicha parte demandada**. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento y, al descubrirse el verdadero nombre, hará **con toda prontitud** la enmienda correspondiente.

De conformidad con ello, las Reglas de Procedimiento Civil también establecen que una enmienda para sustituir a una parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si además de cumplirse con el requisito anterior y dentro del término prescriptivo, la parte que se trae mediante enmienda:

    (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulte impedida de defenderse en los méritos, y
    (2) de no haber sido por un error en cuanto a la identidad del (de la) verdadero(a) responsable, la acción se hubiera instituido originalmente en su contra.

Regla 13.3 de la Reglas Procedimiento Civil, 32 LPRA Ap. V.

No obstante, jurisprudencia ha señalado reiteradamente que, si el desconocimiento que impide ejercer la acción se debe a la falta de

diligencia del reclamante, entonces no serán aplicables las consideraciones liberales de la normativa general sobre la prescripción. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR, a la pág. 374.

III

En síntesis, la señora Muñiz señala que el Tribunal de Primera Instancia erró al desestimar su causa de acción contra Grand Marnier Rest., el señor Feliciano Pérez y la sociedad legal de bienes gananciales de la que este último es presuntamente parte.

La parte apelante, reitera lo planteado en la oposición a la desestimación respecto a que la demanda original fue instada contra una parte cuya identidad se conocía, mas no su nombre correcto. Insiste que, desde la primera demanda se incluyó a GrandMa Steak House como parte demandada, por lo que dicha parte quedó plenamente advertida de la causa de acción presentada en su contra, de tal suerte que no resultaba impedida de defenderse en los méritos al ser notificada y emplazada correctamente dentro del término prescriptivo.

Nuevamente, arguye que, a pesar de desplegar la debida diligencia en conocer el nombre real de la corporación, no tuvo éxito. Ni siquiera luego de estar en constante comunicación con la aseguradora MAPFRE.

Por su parte, además de reiterar la postura esbozada en sus solicitudes de desestimación, las apeladas arguyen que en el presente caso no operan las disposiciones de las Reglas 13.3 y 15.4 de Procedimiento Civil, 32 LPRA Ap. V. En particular, señalan que no estamos ante una demanda que fue enmendada, sino que, ante la desestimación de la demanda original, se presentó la segunda demanda y, en esta segunda ocasión es cuando por primera vez, y vencido el término para ello, se les incluye en el pleito. Resaltan que la señora Muñiz incluso mantuvo a las partes con nombre ficticio en su segunda demanda. En particular, a John Doe, Jane Doe, Sociedad Legal de Gananciales compuesta por ambos, Corporación ABC, Corporación DEF, Corporación XYZ, MAPFRE PRAICO Insurance Company, Aseguradora ABC, Aseguradora DEF, y Aseguradora

XYZ. Ante ello, plantea que los actos de la parte apelante no constituyeron una sustitución del nombre de la parte, sino de nuevas alegaciones contra nuevas partes demandadas.

Examinado el tracto, tanto del expediente ante nuestra consideración como aquel relacionado al de la demanda presentada en marzo de 2023, coincidimos con el Tribunal de Primera Instancia. En esta segunda ocasión, la señora Muñiz no cumplió con los criterios requeridos para la sustitución del nombre ficticio de la parte demandada, por lo que la acción prescribió contra Grand Marnier Rest, LLC., Jesús Feliciano Pérez y la supuesta sociedad legal de bienes gananciales.

En este caso, la señora Muñiz no presentó prueba alguna de las gestiones para descubrir el nombre de las partes. Aún más, llamamos la atención a que la lectura de ambas demandas revela que la señora Muñiz no identificó los nombres de las partes, sino que incluyó partes demandadas ficticias y, en cuanto a muchas de ellas, **expresó que desconocía de su existencia**. Ello, ciertamente denota que, incluir los nombres de las partes demandadas en la segunda demanda, no se tradujo en una mera enmienda para aclarar el nombre, sino que en la segunda demanda incluyó partes demandadas adicionales. Tampoco podemos obviar que la primera demanda fue desestimada por incumplimiento con el diligenciamiento oportuno de las demandadas, por lo que los argumentos de la señora Muñiz en cuanto a que estas tuvieron conocimiento de la causa de acción en su contra y no resultaron impedidas de defenderse no pueden prosperar.

Cónsono con los fundamentos expuestos, resulta forzoso concluir que la señora Muñiz no interrumpió el término prescriptivo de un año dispuesto en el Art. 1536 del Código Civil, 32 LPRA Ap. V, contra Grand Marnier Rest, LLC., Jesús Feliciano Pérez y la sociedad legal de bienes Gananciales.

Adicionalmente, aunque no fue explicitado por la parte apelante en su escrito, queda claro que, ni en la primera ni en la segunda demanda, se

hizo alusión específica alguna en contra del señor Feliciano Pérez y las razones, si alguna, que ameritaban descorrer el velo corporativo con el fin de imponerle responsabilidad en su carácter personal. Por tal razón, la demanda dejó de exponer una reclamación que justificara la imposición de un remedio en su contra.

IV

Por los fundamentos expuestos, confirmamos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 9 de marzo de 2026.

El Juez Sánchez Ramos está conforme en parte, y disiente en parte. El foro apelado actuó acertadamente al desestimar la causa de acción contra el Sr. Jesús Feliciano Pérez, pues este no fue incluido de forma alguna en la demanda anterior, por lo cual estoy conforme con la confirmación de esta parte de la sentencia apelada. No obstante, la inclusión del nombre comercial del negocio (*Grandma Steakhouse*) en la anterior demanda interrumpió el término prescriptivo en cuanto a la corporación que opera el negocio (*Grand Marnier Rest, LLC*), por lo cual procede la revocación parcial de la sentencia apelada, en cuanto la misma erróneamente ordena la desestimación de la presente demanda en cuanto a la referida corporación.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones